Case No. SA CV 17-0600-DOC (JDEx)            Date: June 13, 2017

Title: OMRAN HAMID V. NIKE RETAIL SERVICES, INC, ET AL.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER DENYING MOTION TO REMAND [13]**

Before the Court is Plaintiff Omran Hamid's ("Plaintiff") Motion to Remand ("Motion") (Dkt. 13). The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the papers and considered the parties' arguments, the Court hereby DENIES Plaintiff's Motion.

**I. Background**

On February 17, 2017, Plaintiff filed this action in state court. *See* Notice of Removal (Dkt. 1) Ex. A at 1. In the operative complaint, the First Amended Complaint, Plaintiff brings causes of action against Defendants Nike Retail Serivces, Inc. ("Nike"); R.J. Hill ("Hill"); and Rianna Marie Lopez ("Lopez"), (collectively, "Defendants") for (1) unlawful collection or receipt of wages due under California Labor Code §§ 221, 224, 225; (2) failure to indemnify for expenditures incurred in discharge of duties under California Labor Code § 2802; (3) illegal terms of employment under California Labor Code § 432.5; (4) failure to pay all wages due to discharged or quitting employees under California Labor Code §§ 201–03; (5) failure to furnish itemized statements under

California Labor Code §§ 226, 246(i); (6) failure to provide paid sick days under California Labor Code §§ 245.5–49; (7) failure to maintain records under California Labor Code §§ 558, 1174, 1174.5, 274.5(a); (8) failure to provide seats under California Labor Code § 1198, Industrial Welfare Commission Order No. 7 § 14; (9) failure to furnish safe and healthful employment and place of employment under California Labor Code §§ 6400, 6401, 6306, 6403, 6407; (10) failure to pay minimum wage under California Labor Code §§ 1197, 1194, 1194.2, 1197.1;  and(11) coercion under California Labor Code § 450. Notice of Removal Ex. B ("FAC"). Plaintiff further seeks: (12) injunctive relief; (13) penalties under the Private Attorneys General Act ("PAGA") under California Labor Code § 2699 *et seq.*; and (14) penalties under California Unfair Competition Law ("UCL") under California Business & Professions Code § 17200 *et seq*. Notice of Removal Ex. B ("FAC").

On April 3, 2017, Defendant removed the case to this Court, invoking this Court's original jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). *See* Notice of Removal ¶ 9.

Nike is an Oregon corporation, Hill is a Colorado resident, and Lopez is a California resident. FAC ¶¶ 4–6. Plaintiff is a California resident. *Id.* ¶ 2.

Lopez is a "Retail District Director" employed by Nike, and Plaintiff contends that she directly oversaw, controlled, and managed multi-store operations and exerscised "significant control" over putative class members "overall working conditions." *Id.* ¶ 6. Plaintiff further alleges that Lopez "permitted, authorized, approved, and ratified" the labor law violations that putative class members suffered. *Id.* Plaintiff also provides a job description for Lopez:

> Nike's Retail District Directors are held by Nike to be "accountable for the overall leadership and people management of the district, including human resource planning, proactively recruiting and hiring top talent, training and development, managing performance, rewards and recognition programs, succession and career planning, coaching and counseling." NIKE Stores - Retail District Director, Job Description, ID 822758.

*Id.* ¶ 8.

Defendants filed the instant Motion on April 3, 2017. Plaintiffs opposed on April 22, 2017 (Dkt. 16), and Defendants replied on April 26, 2017 (Dkt. 17).

## II.　　Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state to federal court is governed by 28 U.S.C. § 1441, which provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." The removing defendant must file a notice of removal in the appropriate United States District Court, together with all process, pleadings, and orders served upon the defendant. 28 U.S.C. § 1446(a). Notice of removal must be filed within 30 days of receiving a copy of the original complaint, or "within 30 days after the service of summons upon the defendant, if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b). Remand may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c).

CAFA applies to class action lawsuits in which the proposed class has at least 100 members and the primary defendants are not a "States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." § 1332(d)(5). A federal district court has original jurisdiction over such class actions if the amount in controversy exceeds $5,000,000 and any plaintiff is diverse from any defendant. § 1332(d)(2), (5); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007). Under CAFA, "the burden of establishing removal jurisdiction remains . . . on the proponent of federal jurisdiction." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006).

By statute, there are two sets of circumstances under which a district court must decline to exercise jurisdiction over a class action it has CAFA jurisdiction over: the "local controversy" and "home-state controversy" exceptions. *See* § 1332(d)(3)–(4). Once it is established that a court has jurisdiction under CAFA, "the objecting party bears the burden of proof as to the applicability of any express statutory exception . . . ." *Serrano*, 478 F.3d at 1024.

Usually, to protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheet*, 313 U.S. 100, 108–09 (1941)). However, "no antiremoval presumption attends cases invoking CAFA, which

Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); *see also* S. Rep. No. 109-14, p. 43 (2005) ( noting CAFA's "provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

## III. Discussion

Here, Defendants argue that this Court has original jurisdiction under CAFA. *See* Notice of Removal ¶ 9. Plaintiff claims that Defendants have failed to show that this action meets CAFA's amount in controversy requirement. Mot. at 14. Further, Plaintiff argues that even if this Court has jurisdiction, it is required to decline to exercise it because of either the local controversy exception or the home state controversy exception. Mot. at 3, 13.

### A. CAFA Jurisdiction

This is not a suit against a State, State official, or other governmental entity. Nike has offered evidence, and Plaintiffs do not appear to contest, that there are 10,030 putative class members. *See* Declaration of Steven Nelson ("Nelson Decl.") ¶ 6. Accordingly, CAFA is applicable here. *See* § 1332(d)(5).

Before this Court can exercise original jurisdiction under CAFA, Defendants must demonstrate that CAFA's diversity and amount in controversy requirements are met. *See Abrego Abrego*, 443 F.3d at 685.

For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The phrase "principal place of business" refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010). Nike is incorporated under the laws of Oregon and has its principle place of business there. *See* FAC ¶ 6; Notice of Removal ¶ 16. Accordingly, Nike is a citizen of Oregon for diversity purposes.

Plaintiff is domiciled in California and is a citizen of California. *See* Declaration of Natalie Mirzayan (Dkt. 13-1) ¶ 4; FAC ¶ 2; Mot. at 5. Since Nike and Plaintiff are domiciled in different States, the Court concludes the diversity requirement is met. *See* § 1332 (d)(2)(A).

Plaintiff argues that Defendants have failed to demonstrate the amount in controversy requirement is met here. However, "when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee*, 135 S. Ct. at 553. Where a plaintiff disputes that the amount in controversy is met, "'[r]emoval . . . is proper on the basis of an amount in controversy asserted' by the defendant 'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Id.* at 553–54 (quoting 28 U.S.C. § 1446).

While Plaintiff argues that Defendants have failed to prove that the amount in controversy requirement is met, Plaintiff offers no alternative calculations, nor do Plaintiffs actually argue that the amount in controversy requirement is not met. *See* Mot. at 14. Instead, Plaintiffs argue that Nike relied on unreasonable assumptions to reach its calculations. *See id.* Because Plaintiffs have not offered any evidence or argument that the amount in controversy is not met, the Court will determine whether Defendants have made a "plausible allegation" that the amount in controversy exceeds the jurisdictional threshold. *See Dart Cherokee*, 135 S. Ct. at 554.

Nike has alleged that, taking into account only Plaintiff's claims under § 203, failure to pay earned wages at the time became due or payable, and § 226(e), failure to provide accurate itemized wage statements, the amount in controversy exceeds $18 million. Nelson Decl. ¶¶ 29-33. Defendants appear to assume a 100% violation rate to arrive at this number, which is arguably not reasonable. However, even where Defendants to use a more conservative violation rate estimate of 30%, the amount in controversy requirement would still be met, taking into account only *two* of Plaintiffs *fourteen* claims. Accordingly, the Court finds that Defendants have plausibly alleged that the amount in controversy requirement is met.

The Court concludes that Defendants have carried their burden of establishing that CAFA grants the Court jurisdiction here, and now turns to Plaintiff's arguments that the statutory exceptions to CAFA jurisdiction apply.

### B.     Local Controversy Exception

Under the local controversy exception to CAFA, a district must decline to exercise jurisdiction

(A)(i) over a class action in which—

(I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

(II) at least 1 defendant is a defendant—

      (aa) from whom significant relief is sought by members of the plaintiff class;

      (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

      (cc) who is a citizen of the State in which the action was originally filed; and

(III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

(ii) during the 3–year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons[.]

§ 1332(d)(4).

"The purpose of the local controversy exception is 'to respond to concerns that class actions with a truly local focus should not be moved to federal court under [CAFA] because state courts have a strong interest in adjudicating such disputes. At the same time, this is a narrow exception that was carefully drafted to ensure that it does not become a jurisdictional loophole.'" *Bridewell-Sledge v. Blue Cross of California*, 798 F.3d 923, 928 (9th Cir. 2015) (citing S. Rep. No. 109-14, at 39 (2005)) (alterations in original). Plaintiff bears the burden of establishing that the local controversy exception applies here. *See Serrano*, 478 F.3d at 1024.

Plaintiff has offered evidence that more than two-thirds of the class members are California citizens, Mot. at 5–8, and Defendants do not dispute this requirement is met. Further, there is no question that the harm allegedly suffered here was incurred in the forum state, as the damages arise out of the putative class members' employment in California and violations of California's labor laws. Additionally, it does not appear there are any other class actions arising out these circumstances that have been filed against Defendants in the last three years.

Plaintiff has offered evidence, *see* Mot. at 12, and Defendants do not dispute, that Lopez is a California citizen—meaning she is a local defendant. However, Defendants argue that Plaintiff has failed to allege facts to support the argument that class members seek "significant relief" against Lopez under subsection (aa) or that Lopez's "alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class" under subsection (bb).

### 1.　　Legal Standard for Finding a Significant Local Defendant

In determining whether the requirements of subsections (aa) and (bb) are met, a court looks only at the allegations contained in the complaint. *Coleman v. Estes Exp. Lines, Inc.*, 631 F.3d 1010, 1016 (9th Cir. 2011). Further, a district court is permitted to make "reasonable inferences from facts in evidence" when determining whether the local controversy exception applies. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013).

Plaintiffs cite *Coleman* in arguing that Lopez is a significant defendant. There, a plaintiff sued the California corporation that employed him and the putative class members, and its Virginian parent corporation, alleging the same labor law violations against both. Coleman, 631 F.3d at 1012. The Ninth Circuit held that the plaintiff sought sufficient relief against the California corporation to satisfy subsection (aa). *Id.* at 1020. In reaching this conclusion, the panel noted that Coleman sought damages equally from both defendants, and that there was no evidence that the California corporation was a nominal defendant. *Id.* The Ninth Circuit also determined that subsection (bb) was satisfied: the complaint alleged the California corporation had employed the putative class members during the class period and that the California corporation had violated California labor law in numerous ways. *Id.*

Plaintiffs also cite *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111 (9th Cir. 2015), where the Ninth Circuit found that the local controversy exception applied. There a plaintiff sued in Nevada state court six defendants who had served as trustees on the putative class members deeds of trust that had been foreclosed. *Id.* at 1115. Defendants removed. *Id.*

A single corporate defendant was domiciled in Nevada and the Plaintiffs asserted the local controversy exception applied. *Id.* The panel determined that "in the context of the overall claims asserted" the allegations against the Nevada corporation formed a "significant basis" for plaintiff's claims where the Nevada corporation had undertaken 15–20 % of the defendants' total debt collection activities. *Id.* at 1118–19. The panel also found significant relief was sought against the Nevada defendant as plaintiffs sought

millions in punitive damages from the defendant, and additional equitable relief. *Id.* at 1119.

The Court notes that Defendants argue that the local defendant must be the primary defendant, or the local controversy exception does not apply. Opp'n at 8. This requirement is not drawn from the Ninth Circuit's decisions, and indeed appears to run counter to *Benko.* There, the panel looked to see if the local defendant's conduct was "important or fairly large in amount or quantity" in relation to plaintiff's claims. *See Benko*, 789 F.3d at 1118–19. The Ninth Circuit did not address whether the local defendant was a "primary" defendant in finding that the local controversy exception applied there. *See id*. Further, Defendants' proposed reading of the local controversy exception would ignore that Congress choose the word "significant" for that exception, while expressly requiring that the "primary" defendants be citizens of the forum State for the home-state exception to apply. *Compare* § 1332(d)(4)(A)(ii)(aa)–(bb), *with* § 1332(d)(4)(B). Accordingly, the Court rejects this argument.

However, Defendants are right to note that both *Coleman* and *Benko* addressed situations with only corporate defendants, and not situations where one defendant was an individual employee of a corporate defendant. The Senate Judiciary Committee's report on CAFA did, however, contemplate such a situation. In that report, the Committee provided the following example

> [I]n a consumer fraud case alleging that an insurance company incorporated and based in another state misrepresented its policies, a local agent of the company named as a defendant presumably would not fit this criteria. . . . At most, that agent would have been an isolated role player in the alleged scheme implemented by the insurance company. In this instance, the real target in this action (both in terms of relief and alleged conduct) is the insurance company, and if that company is not local, this criterion would not be met.

S. Rep. 109-14, at 38 (footnote omitted). This would suggest that merely suing the true defendants' employee would be insufficient to cause a case to fall within the local controversy exception.

While the Ninth Circuit has yet to address a situation where an employer and its employee are both named in a suit, Ninth Circuit district courts have been faced with situations where a plaintiff sues both a corporation and the corporation employees, and have reached varying conclusions.

In *Christmas v. Union Pac. R.R. Co.*, No. CV15-02612-AB-(PLAX), 2015 WL 5233983 (C.D. Cal. Sept. 8, 2015), the plaintiff sued his employer Union Pacific Railroad Company on behalf of a State-wide class. Also named as defendants were the Superintendent, Director of Intermodal Terminal Operations, the Senior Manager of Intermodal Terminal Operations, and the Manager of Intermodal Terminal Operations at the rail yard that employed the plaintiff. *Id.* at *1.

There, the court determined that the plaintiff had pleaded only that the individual defendants were responsible for implementing policy at a single location. *Id.* at *6. There was no allegation that the individual defendants could change policy. *Id.* at *5. The court also noted that defendants were referred to collectively in describing their acts and omissions. *Id.* at *6. Accordingly, the court found that allegations against the individual defendants did not form a significant basis of the class members claims. *Id.* Accordingly, the court found subsection (bb) was not satisfied. *See id.*

The court determined that only those putative class members who worked at the same site as the plaintiff would be able to recover against the individual defendants—demonstrating that significant relief was not sought from the individual defendants. *Id.* at *7. Therefore, the court found subsection (aa) was not satisfied. *See id.*

By contrast, in *Bloomquist v. Covance, Inc.*, No. 16-CV-2559-BAS (BLM), 2017 WL 1735170 (S.D. Cal. May 4, 2017), the plaintiff sued an out-of-State corporation, as well as the company's Senior Director of Strategy and Planning, and the Director of Global Clinical Trial Operations for labor law violations. *Id.* at *1. The individual defendants where citizens of the forum state. *Id.*

The *Bloomquist* court noted that the same causes of action were alleged against all defendants. *Id.* at *3. Further the individual defendants were alleged to have overseen the work of plaintiffs and potential class members. *Id.* That court distinguished *Christmas* on the grounds that the *Christmas* individual defendants were not alleged to be personally responsible for the policy that led to the purported labor law violations. *Id.* The *Bloomquist* court noted that liability for company directors is specifically provided for in California Labor Code § 558.1(b). *Id.* Finally, the court noted that the plaintiff sought damages equally from all of the Defendants. *Id.* at *4.

### 2. Analysis of Lopez's Role

It appears that this case falls somewhere between *Christmas* and *Bloomquist* in terms of the individual defendants' level of involvement. As in *Bloomquist*, where the plaintiff alleged that the individual defendants where liable under § 588.1(b), Plaintiff

alleges here that Lopez is liable to class members under § 558.1(b) and asserts all the same causes of action against Lopez and Nike. *See id.* However, as in *Christmas*, the Defendants are largely lumped together in Plaintiff's allegations in the FAC, meaning the Court has very little by way of specific allegations against Lopez herself. *See Christmas*, 2015 WL 5233983 at *6.

Additionally, Plaintiff does not claim that Lopez set policy outside of her district. Plaintiff here is challenging a *state-wide* policy, which strongly indicates to the Court that the state-wide management of Nike's operations forms the basis of the allegations, and not the actions of any individual district director alone. Accordingly, the Court finds Plaintiff has failed to carry his burden of showing subsection (bb)'s requirement that Lopez's "conduct forms a significant basis for the claims asserted" is met here.

Further, as Plaintiff concedes in his motion, Lopez can be understood to be an employer only as to those persons within her district. Mot. at 8 ("Although LOPEZ only *employed a subset of the total putative class members in this case* . . . ." (emphasis added)). Accordingly, Lopez would only be liable to those putative class members she actually, allegedly, employed.[1] This is similar to *Christmas*, where the individual defendants would only be liable to those who worked at their railyard. *See Christmas*, 2015 WL 5233983 at *6. In *Bloomquist*, by contrast, the individual defendants were potentially liable to all of the putative class members. *Bloomquist*, 2017 WL 1735170 at *4.

Plaintiff has failed to provide the Court with any evidence of how many class members were employed in Lopez's district, meaning that as little as 2%, or less, of the class might ever have arguably worked for her. This in turn would mean only a very small subsection of the class might be able to seek to recover from her. Accordingly, the Court cannot find that Plaintiff has borne his burden under subsection (aa) of showing that significant relief is sought from Lopez.

Pursuant to *Benko*, the Court could conceivably grant Plaintiff leave to file an amended complaint to add facts that would establish what percentage of class members were arguably "employed" by Lopez. *See Benko*, 789 F.3d at 1117. However, because Plaintiff's allegations demonstrate that Lopez's conduct does not form a significant basis

---

[1] In Reply, Plaintiff argues that Lopez is liable to all of the class members because had she implemented proper policies in her district, Nike would have implemented those policies on state-wide basis. Reply at 8. Even assuming *arguendo* that this is true, this would not render Lopez an employer as to all of the putative class members, and they therefore would not have labor law claims against her based on employer liability.

for the claims asserted, as required under subsection (bb), granting leave to amend would be an exercise in futility.

Accordingly, the Court determines that the local controversy exception does not apply.

### C.      Home-State Exception

Under the home-state exception to CAFA, a district court is required to decline to exercise jurisdiction under CAFA where

> two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

§ 1332(d)(4)(B).

In his Motion, Plaintiff argues that the home-state exception applies here. However, there is no dispute that Nike is a primary defendant here, and as Defendants point out, the home-state exception applies only when *all* of the primary Defendants are citizens of the forum state. *See* Opp'n at 13; *see also* § 1332(d)(4)(B).[2]

Accordingly, the Court finds that the home-state exception does not apply.

### IV.      Disposition

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Remand.

The Clerk shall serve this minute order on the parties.

---

[2] Wisely, Plaintiff does not argue that the home-state exception applies in his Reply.