# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SA CV 17-0600-DOC (JDEx)　　　　　　　　　　　　Date: April 6, 2018

Title: OMRAN HAMID V. NIKE RETAIL SERVICES, INC, ET. AL.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Lewman | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS):　　ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION [30], AND GRANTING PLAINTIFF'S MOTION TO REMAND [13]

Before the Court is Plaintiff Omran Hamid's ("Plaintiff") Motion for Reconsideration Pursuant to Federal Rule of Civil Procedure 60(b)(6) and Local Rule 7-18 ("Motion") (Dkt. 30). The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the moving papers and considered the parties' arguments, the Court GRANTS Plaintiff's Motion and the Motion to Remand (Dkt. 13).

## I.　Background

### A.　Facts

This putative class action arises from Plaintiff Omran Hamid's ("Plaintiff") employment with Defendants Nike Retail Services, Inc. ("Nike"), R.J. Hill ("Hill"), and Rianna Marie Lopez ("Lopez") (collectively, "Defendants"). The following facts are drawn from the Second Amended Complaint ("SAC") (Dkt. 29-7).

Defendant Nike is an Oregon corporation that maintains numerous retail stores and conducts business in the County of Orange, California. SAC ¶ 4. Plaintiff alleges that Nike engages in illegal business practices and policies. *Id.*

Defendant Hill is a Colorado resident, and is the "Acting Retail District Director" employed by Nike. *Id.* ¶ 5.

Plaintiff is a California resident and a former non-exempt employee of Defendants who worked at Nike's retail store in Defendant Lopez's district in the City of San Clemente. *Id.* ¶¶ 2, 6.

Defendant Lopez is a California resident, and a "Retail District Director" employed by Nike since March 28, 2005. *Id.* ¶ 6. Plaintiff contends that Ms. Lopez directly oversaw, controlled, and managed multi-store operations, and exercised and continues to exercise "significant control" over putative class members' "overall working conditions." *Id.* Plaintiff alleges that nine out of a total of thirty-four California stores are within Ms. Lopez's district, in which more than 2,068 of the total 10,031 putative class members are employed. *Id.*

Plaintiff further alleges that Ms. Lopez "permitted, authorized, approved, and ratified" the labor law violations that putative class members suffered. *Id.* ¶ 7. Specifically, Plaintiff alleges that Ms. Lopez had authority to hire and terminate, set work rules and conditions, and supervise Plaintiff and the putative class members. *Id.*

Plaintiff also provides the following job description for Ms. Lopez:

> Nike's Retail District Directors are held by Nike to be "accountable for the overall leadership and people management of the district, including human resource planning, proactively recruiting and hiring top talent, training and development, managing performance, rewards and recognition programs, succession and career planning, coaching and counseling." NIKE Stores - Retail District Director, Job Description, ID 822758.

*Id.* ¶ 10. Plaintiff further alleges that Ms. Lopez is responsible for managing district performance through revenue, wages, shrinkage, and operating income. *Id.*

Plaintiff alleges that Defendants implemented illegal policies and practices throughout their stores. *Id.* ¶ 17. Specifically, Plaintiff complains of policies that require employees to purchase required uniforms, failure to pay employees minimum wage,

failure to provide suitable seats, and failure to timely pay wages upon termination, among other things. *Id.* ¶¶ 19–54.

### B. Procedural History

On February 17, 2017, Plaintiff filed this action in state court. *See* Notice of Removal (Dkt. 1) Ex. A at 1. On April 3, 2017, Defendant removed the case to this Court, invoking this Court's original jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). *See* Notice of Removal ¶ 9.

In the operative complaint, the Second Amended Complaint, Plaintiff brings eleven causes of action against Defendants Nike Retail Services, Inc. ("Nike"), R.J. Hill ("Hill"), and Rianna Marie Lopez ("Lopez") (collectively, "Defendants") for:

(1) Unlawful collection or receipt of wages due under California Labor Code §§ 221, 224, 225;

(2) Failure to indemnify for expenditures incurred in discharge of duties under California Labor Code § 2802;

(3) Illegal terms of employment under California Labor Code § 432.5;

(4) Failure to pay all wages due to discharged or quitting employees under California Labor Code §§ 201–03;

(5) Failure to furnish itemized statements under California Labor Code §§ 226, 246(i);

(6) Failure to provide paid sick days under California Labor Code §§ 245.5–49;

(7) Failure to maintain records under California Labor Code §§ 558, 1174, 1174.5, 274.5(a);

(8) Failure to provide seats under California Labor Code § 1198, Industrial Welfare Commission Order No. 7 § 14;

(9) Failure to furnish safe and healthful employment and place of employment under California Labor Code §§ 6400, 6401, 6306, 6403, 6407;

(10) Failure to pay minimum wage under California Labor Code §§ 1197, 1194, 1194.2, 1197.1; and

        (11)    Coercion under California Labor Code § 450.

SAC ¶¶ 74–182. Plaintiff further seeks: (12) injunctive relief; (13) penalties under the Private Attorneys General Act ("PAGA") under California Labor Code § 2699 *et seq.*; and (14) penalties under the California Unfair Competition Law ("UCL"), California Business & Professions Code § 17200 *et seq*. *Id.* ¶¶ 183–213.

Plaintiff filed a Motion to Remand on May 3, 2017 (Dkt. 13). Defendants opposed on May 22, 2017 (Dkt. 16), and Plaintiff replied on May 26, 2017 (Dkt. 17). The Court issued an Order Denying the Motion to Remand on June 13, 2017 ("Order Denying Remand") (Dkt. 19).

Thereafter, on December 11, 2017, Plaintiff filed a Motion for Leave to File Second Amended Complaint (Dkt. 29). Defendants opposed on December 18, 2017 (Dkt. 31). Plaintiff replied on December 22, 2017 (Dkt. 37). The Court granted Plaintiff's Motion for Leave to File SAC on April 6, 2018 (Dkt. 41).

Along with the Motion for Leave to File, Plaintiff also filed the instant Motion requesting that the Court reconsider the Order Denying Remand. Defendants opposed the Motion on December 18, 2017 (Dkt. 32). Plaintiffs replied on December 23, 2017 (Dkt. 38).

## II.    Legal Standard

### A.    Motion for Reconsideration

Federal Rule of Civil Procedure 60(b) "provides for reconsideration only upon a showing of: (1) mistake, inadvertence surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *School Dist. No. 1J, Multnomah County v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (quoting *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)).

In addition, Local Rule 7-18 provides that a motion for reconsideration of a decision on any motion may be made only on the following grounds:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of

such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

L.R. 7-18.

Finally, Local Rule 7-18 states that "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." *Id*.

### B.　Motion to Remand

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state to federal court is governed by 28 U.S.C. § 1441, which provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." The removing defendant must file a notice of removal in the appropriate United States District Court, together with all process, pleadings, and orders served upon the defendant. 28 U.S.C. § 1446(a). Notice of removal must be filed within 30 days of receiving a copy of the original complaint, or "within 30 days after the service of summons upon the defendant, if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b). Remand may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c).

CAFA applies to class action lawsuits in which the proposed class has at least 100 members and the primary defendants are not "States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." 28 U.S.C. § 1332(d)(5). A federal district court has original jurisdiction over such class actions if the amount in controversy exceeds $5,000,000 and any plaintiff is diverse from any defendant. 28 U.S.C. § 1332(d)(2),(5); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007). Under CAFA, "the burden of establishing removal jurisdiction remains . . . on the proponent of federal jurisdiction." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006).

By statute, there are two sets of circumstances under which a district court must decline to exercise jurisdiction over a class action over which it otherwise has CAFA jurisdiction: the "local controversy" and "home-state controversy" exceptions. *See* 28 U.S.C. § 1332(d)(3)–(4). Once a party establishes that a court has jurisdiction under

CAFA, "the objecting party bears the burden of proof as to the applicability of any express statutory exception . . . ." *Serrano*, 478 F.3d at 1024.

Usually, to protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheet*, 313 U.S. 100, 108–09 (1941)). However, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); *see also* S. Rep. No. 109-14, p. 43 (2005) (noting CAFA's "provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant").

## III.    Discussion

Plaintiff asks the Court to reconsider the previous Order Denying Remand based on newly discovered evidence received from Defendants during discovery that shows that Ms. Lopez was a "significant defendant" for the purposes of the local controversy exception of CAFA. Mot. at 2. Furthermore, Plaintiff argues that reconsideration is warranted because a change of law occurred when the Ninth Circuit reversed a district court case on which the Court relied in part in deciding to deny Plaintiff's previous Motion to Remand. *Id.* at 3.

Defendants argue that even with the newly discovered evidence, Plaintiff cannot show that Ms. Lopez was a "significant local defendant," as is required for purposes of the local controversy exception. Opp'n at 1–9. Furthermore, Defendants argue that there has been no change of law since the Court's Order Denying Remand, because the Court did not "rely" on the district court case at issue, and that in any case the Ninth Circuit reversal does not justify reconsideration. *Id.* at 11.

The Court will first consider whether the Motion for Reconsideration has merit, and if so, the Court will turn to the merits of Plaintiff's Motion for Remand.

### A.    Motion for Reconsideration

First, Plaintiff argues that the Court should reconsider its Order Denying Remand because Plaintiff received new relevant evidence in the form of interrogatory responses on October 2, 2017, after the Court had already issued its Order Denying Remand. Mot. at 2. In particular, Plaintiff received evidence that the number of putative class members that were employed in Ms. Lopez's district during the current action's relevant time period was 2,068 employees, which was previously unknown to Plaintiff. *Id*. The Court

granted Plaintiff leave to file his SAC, which properly alleges new facts based upon the newly discovered evidence. *See* SAC ¶ 6. Plaintiff's newly alleged facts have bearing on the local controversy exception of CAFA, which was at issue in the Order Denying Remand, because they show that Ms. Lopez allegedly employed 20.62% of the putative class, rather than the 2% or less figure that the Court used in its Order Denying Remand. *Id.*; Order Denying Remand at 10. Thus, Plaintiff argues that he is entitled to reconsideration under the "newly discovered evidence" prong of Federal Rule of Civil Procedure 60(b)(2). *Id.*; *see* Fed. R. Civ. P. 60(b); *see also School Dist. No. 1J, Multnomah County*, 5 F.3d at 1263.

       Furthermore, Plaintiff argues that the Ninth Circuit reversal of the district court decision in *Christmas v. Union Pac. R.R. Co.*—on which the Court relied in its Order Denying Remand—constitutes a "change of law" under Local Rule 7-18(b). Mot. at 4–5; *see* L.R. 7-18; *Christmas v. Union Pac. R.R. Co.*, No. CV15-02612-AB-(PLAX), 2015 WL 5233983 (C.D. Cal. Sept. 8, 2015), *rev'd*, 698 F. App'x 887 (9th Cir. 2017). In response, Defendants argue that there has been no change of law since the Court's Order Denying Remand because this Court did not rely on the district court decision in *Christmas*—a persuasive, non-binding case—in reaching its decision, and that Ninth Circuit reversal does not justify reconsideration because it does not change the fact that CAFA's local controversy exception does not apply to this case. Opp'n at 11.

       While the district court's decision in *Christmas* was only persuasive, the Court did rely at least in part on its analysis of the facts as they applied to the local controversy exception. Order Denying Remand at 10 ("However, as in *Christmas*, the Defendants are largely lumped together in Plaintiff's allegations in the FAC, meaning the Court has very little by way of specific allegations against Lopez herself."); *id.* ("This is similar to *Christmas*, where the individual defendants would only be liable to those who worked at their railyard"). Because the Ninth Circuit reversed the district court decision in *Christmas*, Plaintiff has met his burden of showing a "change in law" under Local Rule 7-18(b).

       Because Plaintiff has pointed to newly discovered evidence and a change in the law, Plaintiff has satisfied his burden under Federal Rule of Civil Procedure 60(b) and Local Rule 7-18(b). Thus, it is appropriate and necessary for the Court to reconsider its Order Denying Remand. *See Sch. Dist. No. 1J, Multnomah Cty., Or.*, 5 F.3d at 1263 ("Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence . . . .") (citing *All Hawaii Tours, Corp. v. Polynesian Cultural Center*, 116 F.R.D. 645, 648 (D. Hawaii 1987), *rev'd on other grounds,* 855 F.2d 860 (9th Cir.1988)).

Accordingly, the Court GRANTS Plaintiff's Motion.

### B.　　Motion to Remand

Having granted Plaintiff's Motion for Reconsideration, the Court turns to Plaintiff's Motion to Remand. Defendants removed this case on the basis that this Court has original jurisdiction under CAFA because there is minimum diversity between Plaintiff and Defendants, the amount in controversy exceeds $5,000,000, and the number of putative class members exceeds 100. *See* Notice of Removal ¶ 9; 28 U.S.C. §1332(d). In its previous Order Denying Remand, the Court determined—and Plaintiff currently does not dispute—that Defendants carried their burden of establishing that CAFA grants the Court jurisdiction. *See* Order Denying Remand at 5; s*ee also generally* Mot. However, in Plaintiff's Motion to Remand, Plaintiff argued that the Court should remand the case to state court because the action falls under either the "local controversy exception" or the "home-state exception" to CAFA. *See* Motion to Remand at 3, 13. The Court denied Plaintiff's Motion to Remand because Plaintiff failed to establish the "home-state exception"—which Plaintiff does not reargue in the instant Motion—because there was no dispute that Nike was the primary defendant in the action. Order Denying Remand at 11. Furthermore, Plaintiff failed to establish "the local controversy exception" because Plaintiff could not show that "significant relief" could be obtained from Ms. Lopez, or that Ms. Lopez's actions formed a "significant basis" for Plaintiff's claims. *Id.* at 9–10.

Now, however, Plaintiff renews his argument that the local controversy exception to CAFA applies, because the evidence discovered after the Court issued the Order Denying Remand establishes that Ms. Lopez's actions did in fact form a "significant basis" for Plaintiff's claims, and that "significant relief" can be obtained from Ms. Lopez. Mot. at 8. Furthermore, Plaintiff argues that the local controversy exception applies because the Ninth Circuit reversed the district court's decision in *Christmas*, on which Plaintiff claims the Court relied in determining that Ms. Lopez's action did not form a "significant basis" for Plaintiff's claims. *Id.* Therefore, Plaintiff argues that the Court must apply the local controversy exception and decline to exercise jurisdiction over this action. *Id*.

The Court will address these arguments in turn.

### 1.　　Local Controversy Exception

Under the local controversy exception to CAFA, a district court must decline to exercise jurisdiction

  (A)(i) over a class action in which—

    (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

    (II) at least 1 defendant is a defendant—

      (aa) from whom significant relief is sought by members of the plaintiff class;

      (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

      (cc) who is a citizen of the State in which the action was originally filed; and

    (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

  (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons[.]

28 U.S.C. § 1332(d)(4). "The purpose of the local controversy exception is 'to respond to concerns that class actions with a truly local focus should not be moved to federal court under [CAFA] because state courts have a strong interest in adjudicating such disputes. At the same time, this is a narrow exception that was carefully drafted to ensure that it does not become a jurisdictional loophole.'" *Bridewell-Sledge v. Blue Cross of California*, 798 F.3d 923, 928 (9th Cir. 2015) (citing S. Rep. No. 109-14, at 39 (2005)) (alterations in original). Plaintiff bears the burden of establishing that the local controversy exception applies here. *See Serrano*, 478 F.3d at 1024.

  The Court has already determined, and the parties do not dispute, that: (1) more than two-thirds of the class members are California citizens; (2) the harm allegedly suffered was incurred in the forum state, as the damages arise out of the putative class members' employment in California and violations of California's labor laws; (3) there are no other class actions arising out of these circumstances that have been filed against

Defendants in the last three years; and (4) Ms. Lopez is a California citizen—meaning she is a local defendant. Order Denying Remand at 6–7.

The only disputed issue within the context of the local controversy exception is whether "significant relief" can be sought from Ms. Lopez and whether Ms. Lopez's conduct forms a "significant basis" for Plaintiff's claims. *See* 28 U.S.C. § 1332(d)(4)(A)(i)(II)(aa), (bb); Mot. at 1; *see also generally* Opp'n; Order Denying Remand at 6–7. Accordingly, the court will address the "significant basis" and "significant relief" issues in turn to determine whether CAFA's local controversy exception applies.

### a. Significant Basis

To determine if Ms. Lopez's conduct forms a "significant basis" for Plaintiff's claims, "we compare the allegations against [that defendant] to the allegations made against the other Defendants." *Benko v. Quality loan Serv. Corp.*, 789 F.3d 1111, 1118 (9th Cir. 2015). Specifically, "we should look at a defendant's 'basis' in the context of the overall 'claims asserted.'" *Id.*

In the previous Order Denying Remand, the Court relied on the analysis in the district court case in *Christmas v. Union Pac. R.R. Co.* in determining that Ms. Lopez's conduct did not form a "significant basis" for the claims asserted, and that the local controversy exception thus did not apply. Order Denying Remand at 9–10; *see also Christmas v. Union Pac. R.R. Co.*, 2015 WL 5233983, at *6. The Court explained that

> as in *Christmas*, the Defendants are largely lumped together in Plaintiff's allegations in the FAC, meaning the Court has very little by way of specific allegations against Lopez herself.

Order Denying Remand at 10. The Court reasoned that because Plaintiff's allegations were not specific to Ms. Lopez, she could not form a "significant basis" for Plaintiff's claims. *Id.* Furthermore, the Court reasoned that:

> Plaintiff does not claim that Lopez set policy outside of her district. Plaintiff here is challenging a *state-wide* policy, which strongly indicates to the Court that the state-wide management of Nike's operations forms the basis of the allegations, and not the actions of any individual district director alone.

*Id.* In addition, the Court noted that Ms. Lopez could be understood as an employer of only those who worked in her district, and that she would thus only be liable to a subset

of the total putative class. *Id.* ("This is similar to *Christmas*, where the individual defendants would only be liable to those who worked at their railyard.").

After the Court issued the Order Denying Remand, the Ninth Circuit reversed the district court's decision in *Christmas*, stating in relevant part: "Even if the conduct of the Local Defendants is controlled by [the corporate defendant], and even if they act solely pursuant to [the corporate defendant]'s policies, the conduct of the Local Defendants 'nonetheless remains the conduct of [the Local Defendants], for which [they] may be held liable.'" *Christmas v. Union Pac. R.R. Co.*, 698 Fed. Appx. 887, 889 (9th Cir. June 30, 2017), citing *Coleman v. Estes Exp. Lines, Inc.*, 631 F.3d 1010, 1020 (9th Cir. 2011). Therefore, because the Ninth Circuit reversed the decision in *Christmas* regarding allegations against both the corporate defendant and the local defendant, the Court's factual analysis regarding Ms. Lopez's conduct for the purpose of the local controversy exception was flawed.

Furthermore, in the Order Denying Remand , the Court held that Ms. Lopez's conduct did not form a "significant basis" for Plaintiff's claims because Plaintiff did not allege how many class member were employed in Ms. Lopez's district. Order Denying Remand at 10. The Court determined that due to a lack of allegation of the number of employees in Ms. Lopez's district, that arguably as little as 2% or less of the class may have been employed in Ms. Lopez's district. *Id.* However, Plaintiffs now claim in the SAC that more than 2,068 persons were employed in Ms. Lopez's district out of a total of 10,031 total putative class members. SAC ¶ 6. Thus, Plaintiff's new allegations show that 20.62% of the putative class was employed in Ms. Lopez's district. *Id.* This newly established percentage is starkly different from the 2% figure on which this Court relied in its previous Order Denying Remand, and falls well within the 15–20% of total claims which the Ninth Circuit held in *Benko* to form a "significant basis" for purposes of the local controversy exception. *Benko*, 789 F.3d at 1119 (holding that the local defendant who foreclosed between 15 to 20% of the homes of all plaintiffs in the class formed a "significant basis" of the plaintiff's claims). Therefore, Plaintiff has met his burden under subsection (bb) of showing that Ms. Lopez's conduct "forms a significant basis for the claims asserted." 28 U.S.C. § 1332(d)(4)(A)(i)(II)(bb); *Benko*, 789 F.3d at 1119; *Christmas*, 698 Fed. Appx. at 889.

### b.     Significant Relief

As for the "significant relief" requirement of the local controversy exception, "[t]o determine if the Plaintiffs claim 'significant relief' from [the defendant], we look to the remedies requested by the Plaintiffs in the SAC." *Benko*, 789 F. 3d at 1119 (citing *Coleman*, 631 F.3d at 1020). In the Court's Order Denying Remand, the Court held that

because Plaintiff did not allege how many employees worked in Ms. Lopez's district—and that as little as 2% arguably worked in Ms. Lopez's district—only a very small subsection of the class might be able to seek to recover from Ms. Lopez. Order Denying Remand at 10. As a result, the Court held that Plaintiff could not satisfy his burden of showing that "significant relief" was sought from Ms. Lopez. *Id.*

As mentioned above, this defect has been cured in the SAC, in which Plaintiff alleged that more than 20.62% of the putative class was employed in Ms. Lopez's district. SAC ¶ 6. Furthermore, Plaintiff is seeking compensatory damages, statutory damages, restitution, and injunctive relief from all Defendants. SAC ¶ 1. Thus, because "we look to the remedies requested by Plaintiff" to determine whether Plaintiff is seeking "significant relief," Plaintiff has met his burden of showing he is seeking "significant relief" from Ms. Lopez because 20.62% of employees are employed in her district, and are seeking damages and injunctive relief. *See Coleman*, 631 F. 3d at 1020 ("There is nothing in the complaint to suggest either that the injunctive relief sought is itself insignificant, or that [defendant] would be incapable of complying with an injunction."); *Allen v. Boeing Co.*, 821F. 3d 1111, 1119 (9th Cir. 2016) ("In *Benko,* we held that claims for general damages, punitive damages as a result of deceptive trade practices and fraud, and equitable relief were sufficient to show that the Plaintiffs claim significant relief from a local defendant." (internal quotations omitted) (quoting *Benko*, 789 F.3d at 1119)).

Nevertheless, Defendants argue that Plaintiff cannot seek any relief—let alone "significant relief"—from Ms. Lopez because she cannot be liable as an individual defendant. Opp'n at 3. Specifically, Defendants argue that Ms. Lopez cannot be liable under California Labor Code § 558.1 because she is not an "owner, director, officer, or managing agent" of Nike. *Id.* at 3–9. Thus, Defendants argue that Ms. Lopez has been fraudulently joined by Plaintiff for the sole purpose of destroying the Court's jurisdiction under CAFA. *Id.* at 9.

In the Ninth Circuit, a non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned. *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989). The failure to state a claim against the non-diverse defendant must be "obvious according to the well-settled rules of the state." *United Comp. Sys. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002).

Moreover, the "general presumption" is that the inclusion of a defendant residing in the same state as the plaintiff is not for the sole purpose of defeating diversity jurisdiction. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir.

2007). This presumption requires defendants to "do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (internal citations omitted). Defendant must also show that, even if a plaintiff's claims do not meet the necessary pleading requirements at the time of removal, he "could not re-allege at least one of them to do so." *Suelen v. Wells Fargo Bank, N.A.*, No. C-13-002 MEJ, 2013 WL 1320697, at *4 (N.D. Cal. Apr. 1, 2013). "[R]emand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure [the] purported deficiency." *Id.* Lastly, a fraudulent joinder "must be proven by clear and convincing evidence." *Hamilton Materials, Inc.*, 494 F.3d at 1206.

      California Labor Code § 558.1 imposes liability on

> [a]ny employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802 . . . .

Cal. Lab. Code § 558.1(a). Furthermore, the code defines "other person acting on behalf of an employer" as "a natural person who is an owner, director, officer, or managing agent of the employer." *Id.* § 558.1(b).

      Defendant argues that Ms. Lopez cannot be liable under § 558.1 because she is not an "owner, director, officer, or managing agent" of Nike and therefore cannot be a "person acting on behalf of an employer." Opp'n at 5–9. However, even assuming *arguendo* that Defendants are correct, California Labor Code § 558.1 provides that "any *employer* or other person acting on behalf of an employer" may be found liable under this statute. Cal. Lab. Code § 558.1(a) (emphasis added). Plaintiff can—and in fact has—alleged that Ms. Lopez is an employer of Plaintiff. *See* SAC ¶ 10 ("PLAINTIFFS are informed and believe, and based thereon allege that at all times herein mentioned, that each of the DEFENDANTS is liable as an 'employer' and/or 'person' for the claims asserted in this Complaint, including but not limited to, under Labor Code § 558.1 and § 18."). Defendants have not shown or cited to any authority to suggest that that Plaintiff cannot allege that Ms. Lopez is an employer within the meaning of § 558.1. *See Bowman v. Burnt Ends, LLC*, 2:17-CV-05782-RGK-SS, 2018 WL 485961, at *5 (C.D. Cal. Jan. 17, 2018) (holding that the plaintiffs' allegations create the reasonable inference that the individual defendants jointly exercised control over the plaintiffs' employment with the corporate defendant so as to make them a joint employer under the California Labor Code).

Furthermore, Defendants only argue that Ms. Lopez cannot be held liable under California Labor Code § 558.1, which would bar claims against her under Sections 203, 226, 226.7, 1193.6, 1194, and 2802 of the California Labor Code. Opp'n at 3–9. However, Plaintiff also alleges that Defendants, including Ms. Lopez, have violated California Labor Code §§ 432.5 ("No employer, or agent, manager, superintendent, or officer thereof . . ."), 450 ("No employer, or agent or officer thereof, or other person . . ."), 6400 ("Every employer . . ."), 6401("Every employer shall furnish and use safety devices and safeguards . . ."), 6306, 6403 ("No employer shall fail or neglect to do any of the following . . ."), 6407 ("Every employer and every employee shall comply with occupational safety and health standards . . ."), and 2699. SAC ¶¶ 96–101, 147–167, 178–182, 186–196. Defendants have not addressed any of these claims. *See generally* Opp'n. Therefore, Defendants have failed to meet their burden of showing by "clear and convincing evidence" that Plaintiff could not possibly recover against the party whose joinder is questioned. *Kruso*, 872 F.2d at 1426; *Hamilton Materials, Inc.*, 494 F.3d at 1206.

Thus, Plaintiff has shown that Ms. Lopez's conduct formed a "significant basis" for Plaintiff's claims because 20.62% of the putative class was employed in Ms. Lopez's district, and that "significant relief" is sought from Ms. Lopez because Plaintiff is seeking compensatory damages, statutory damages, restitution, and injunctive relief from all Defendants, including Ms. Lopez.

As a result, the local controversy exception applies, and therefore the Court does not have jurisdiction over this matter under CAFA.[1]

## IV.　Disposition

For the foregoing reasons, the Court GRANTS Plaintiff's Motion for Reconsideration and GRANTS Plaintiff's Motion to Remand.

---

[1] Defendants also argue, for the first time, that the Court retains jurisdiction of this matter because it involves a federal question. Opp'n at 12. Specifically, Defendants argue that while Plaintiff does not explicitly claim this, Plaintiff's allegations seek recovery of taxes withheld by his employer, and therefore this action is a "tax refund suit." *Id.* at 13. Defendants argue that under the "artful pleading" doctrine, Plaintiff has effectively alleged tax recovery claims governed by the Internal Revenue Code, and therefore the Court has federal question jurisdiction over the matter. *Id.* at 14–15. The Court declines to entertain this argument because Defendants did not assert this theory in the Notice of Removal, and "[t]he Notice of Removal 'cannot be amended to add a separate basis for removal jurisdiction after the thirty day period.'" *ARCO Envtl. Remediation, L.L.C. v. Dept. of Health and Envtl. Quality of Montana*, 213 F.3d 1108, 1117 (9th Cir. 2000) (quoting *O'Halloran v. University of Washington,* 856 F.2d 1375, 1381 (9th Cir.1988)).

The Court REMANDS this case to Superior Court of California, County of Orange.

The Clerk shall serve this minute order on the parties.